[No. 1792.]

### John Lewis v. The State.

THEFT — EVIDENCE — POSSESSION OF RECENTLY STOLEN PROPERTY — CASES APPROVED.—In *Anderson's* case, 11 Texas Ct. App., 576, the following rule of evidence is correctly laid down: "When the possession of recently stolen property is relied on as inculpatory of the accused, his explanation thereof is admissible in his behalf, provided it was given on the first occasion for

any explanation by him. It is not material that the first occasion did not present itself until three or four weeks after he had parted with the possession." See the opinion *in extenso* for evidence, which, coming properly within this rule, was erroneously excluded; and note, also, the opinion in *Castellow's* case, 15 Texas Ct. App., 551, to the same effect, cited and approved.

APPEAL from the District Court of Falls. Tried below before the Hon. B. W. Rimes.

The conviction in this case was for theft of a yearling, the property of Gib Hunter. A term of three years in the penitentiary was the punishment assessed.

The opinion sufficiently discloses the case. The motion for new trial raised the question discussed in the opinion.

The transcript brings up no brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was tried and convicted of the theft of cattle, the property of Gib Hunter, his punishment being assessed at confinement in the penitentiary for the term of three years.

It appears from the record that Gib Hunter owned a yearling which was in the habit of returning home nightly; that, on or about the 1st of November, 1883, he missed his yearling, which returned in about ten days. Upon its return to his pen, he found that it was necked to another yearling, and that both were branded F. E. This brand was owned by Elijah Martin. That Martin received the yearling from defendant in satisfaction of a debt. Hunter's brand was made thus: W — a W with the centre strokes crossed. When Martin first saw the yearling, it was being driven in the open prairie along the public road by defendant and Abner Lowe; defendant called his attention to the brand, and asked Martin if he could make anything but a IXI out of it. Martin upon examination thought it an IXI brand. The yearling was driven to Lowe's pen, and there, by Martin, was branded in his brand. And at the request of Martin, defendant changed the mark into that of Martin, and ran the iron through the old brand. There was no attempt at concealment, but, on the contrary, defendant's conduct was open and public.

The yearling was then carried from Lewis's to Ashley's, and there was necked to one belonging to Martin, and turned out. When Martin next saw them they were in Hunter's lot, at which time Hunter claimed the yearling sold by defendant to Martin. When

Martin next saw defendant, he told him that Hunter claimed the yearling, whereupon defendant proposed to prove by Martin that he, defendant, upon being informed of Hunter's claim, "stated that he had purchased from a drover, who was driving his herd through the county, several calves that were exhausted from fatigue, and that they were all branded IXI, and that he believed the yearling in question to be one of the same yearlings so purchased by him;" to all of which testimony the county attorney objected, and the court sustained the objections, and defendant excepted. As the reason for the ruling touching this proposed evidence, the learned judge below states "that defendant was permitted to prove his declarations made when he took possession of the yearling, and because the declarations were made several days after he had disposed of the yearling."

Abner Lowe was with defendant when he first claimed and took possession of the yearling. At this time defendant's explanations were not as full as those proposed to be proven by Martin, and hence the first reason given by the learned judge below is not sufficient. Again, the facts surrounding defendant at the time he took the yearling were not such as demanded an explanation. For at that time his right to the yearling was not questioned, so far as he knew, by any person. Was the other reason given by the learned judge, under the facts of this case, for the rejection of the proposed explanation of defendant, a good and sufficient one? We are of the opinion that it was not.

We do not feel that the rules relating to this subject can, by us, be made clearer than they have already been, in *Anderson* v. *The State*, 11 Texas Ct. App., 576, and in *Castellow* v. *The State*, 15 Texas Ct. App., 551. Applying the rules laid down in the above cases to this case, bearing upon the question in hand, we are of the opinion that the appellant had the right to introduce in evidence his explanation of his connection with and possession of the yearling charged to have been stolen. For the error in rejecting the proposed explanation, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered November 15, 1884.]